## Bruch Estate

*E. G. Scoblionko* and *Wardell F. Steigerwalt*, for accountant.

*Theodore R. Gardner*, for claimant.

GEARHART, P. J., October 18, 1956.—This is the audit of the second and final account of the Allentown National Bank, now the First National Bank of Allentown, guardian of the Estate of Earl E. Bruch, an incompetent.

This accounting is filed by reason of the death of the incompetent, which occurred on February 27, 1956. . . .

At the audit of the account it was brought to the attention of the court that the Commonwealth of Pennsylvania has a claim against this estate in the amount of $2,602.03 for maintenance of the incompetent at the Allentown State Hospital. Another claim was presented by undertaker Dillinger of Bethlehem, Pa., in the amount of $500.

A claim was also presented by Thelma Miller in the amount of $1,760. This claim arises out of an order of the Court of Common Pleas to no. 15-A, September sessions 1943, in the amount of $5 a week for the support of the minor child of the incompetent. Counsel for Thelma Miller has urged the court to allow this claim on the theory that it is a preferred claim because of the fact that it arose out of a court order. It is argued that since it was a court order, it was the duty of the accountant to comply with the same and, if it had been complied with, there would not now be any balance in hand. On the other hand, the Commonwealth in behalf of its claim could advance the same argument with the exception, of course, that there was no court order entered for the support of the

incompetent. However, whatever the merits of the respective claims may be, the law is clear that the claims must be adjudicated on the audit of the account of the personal representative. . . .

The Act of June 28, 1951, P. L. 612, was repealed by the Incompetents' Estates Act of February 28, 1955, P. L. 1154, which became effective on April 1, 1956. In the latter act, section 612 of the Act of 1951 was reënacted and is found in section 613 of the 1956 Act.

In view of these provisions of the statute, the court is not justified in taking a short cut. Especially is this so in view of the fact that the estate is insolvent. . . .